Labauve, J.
This is upon a writ of prohibition directed to the Judge of the Fourth District Court of New Orleans.
The petition of the State of Louisiana substantially alleges that, on the 17th December, 1867, petitioner began proceedings in the Sixth District Court of New Orleans for the forfeiture of the charter and dissolution of the corporation named “ The Citizens’ Mutual Insurance Company of New Orleans; ” that, on the same day, the said Sixth District Court ordered that all legal proceedings on behalf of individual creditors against the said corporation be stayed during the pendency of said proceedings. That the sheriff of New Orleans, and the clerks of the District Courts of New Orleans, he notified thereof. That Omer Gaillard, president of said company, be enjoined from confessing any judgment, or paying or disposing, or assigning any funds or assets of the said company. That in dis *178 obedience and contempt of this order, the following proceedings were carried on in tho Fourth District Court of New Orleans, in tho caso of David Connors, for the benefit of August Kœning v. Citizens’ Mutual Insurance Company, No. 19,692, of the docket of said Court, to-wit:
The sheriff returned a fieri facias, on the 21st of December, 18C7, when the seventy days to return the same, would have expired only on the 1st of February, 18GS. That said return was filed by the clerk on that day, and that on tho same day G ustavus Schmidt, Esq., on behalf of the plaintiff, in said case, moved tho Court, ex parle, to decree, instanter, the forfeiture of the charter of said corporation, and to appoint a commissioner to liquidate its affairs, and to take possession of its assets, which motion was granted by tho Court on the spot.
The petition further represents that by filing the petition of the State, on the 17th December, 1867, for the forfeiture ofsaid- charter, and dissolution of said corporation, in the Sixth District Court, the jurisdiction had attached, and all the other District Courts were ousted of any jurisdiction in the premises. That all the proceedings had in said case, in the Fourth District Court, since the 17th December, 1867, as well as all qrders and decrees of said Court are null and void. That the sheriff and the clerk of said Fourth District Court, the said Connors, the said Bczou, and all practising attorneys before the said court, and the Judge of said court, should be prohibited from doing any act of disobedience to the Honorable the Sixth District Court. That all matters connected with the forfeiture of the charter of said company should be dismissed from the Fourth District Court, or suspended until a decision in the case pending before the Sixth District Court. That petitioner has in vain asked relief, and submitted the question of jurisdiction to the Fourth District Court, and that no other adequate remedy is left but a writ of prohibition.
The petition prays that a writ of prohibition do issue prohibiting Honorable P. E. Théard, Judge of the Fourth District Court of New Orleans, from taking cognizance of any matter at issue for the forfeiture of the chapter of- said company, in the Sixth District Court, &c.
The Judgo of the Fourth District Court has filed a long argumentative answer, going to show that he has jurisdiction.
The writ of prohibition is a mandate directed to inferior Judges, when they exceed the bounds of their jurisdiction, forbidding them to proceed fürthér in the cause, on the ground that tho cognizance of said cause does not belong to such Judges, but to others, or that they are not competent to decide it. Arts. 845 and 846, Code of Practice.
The only question before us, as the case stands, is whether or not the Fourth District Court of New Orleans, has jurisdiction. 'We are of opinion that it has, and the writ of prohibition was not the proper and legal remedy, when a writ for the same cause and object was pending before another Court of concurrent jurisdiction. Even admitting, which we do not decide, that the State has the right to sue for the forfeiture-of the charter of said corporation; it is also clear that a creditor of said company has the same right under the law. Act of 1855, No. 131, sec. 6. The question might have been brought up before us in another form and under different proceedings, but which it is not our duty to suggest.
Let the writ of prohibition be set aside and the proceedings be dismissed.